# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

Nº 19-CV-6417 (DLI) (RER)

———————————————

## ARCPE HOLDING, LLC,

Plaintiff,

VERSUS

## 9Q4U5E LLC, CHASE MANHATTAN MORTGAGE CORP., DISCOVER BANK, BANK OF AMERICA, N.A., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD

Defendants.

———————————————

**REPORT & RECOMMENDATION**

August 11, 2021

———————————————

**TO THE HONORABLE DORA L. IRIZARRY**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff ARCPE Holding, LLC ("ARCPE" or "Plaintiff"), a single-member Florida limited liability corporation, commenced this foreclosure action on a mortgage held by Defendant 9Q4U5E LLC ("9Q4U5E"). ARCPE has also named as Defendants the New York City Environmental Control Board (the "ECB"), Chase Manhattan Mortgage Corp. ("Chase Manhattan"), Discover Bank, (collectively "Non-Mortgagor Defendants" and, together with 9Q4U5E, the "Defaulting Defendants"), and Bank of America, N.A. ("Bank of America"), pursuant to Article 13 of the New York Real Property Actions and Proceedings Law. (Dkt. No. 1

1

("Compl.") ¶¶ 1-2).[1] ARCPE seeks to foreclose its mortgage encumbering the property at 83-17 Britton Avenue, Elmhurst, New York 11373 ("the Property"). (Compl. ¶ 1). Presently before the Court is Plaintiff's motion for default judgment. Only Bank of America has responded to the Complaint.[2] (Dkt. Nos. 28, 33). For the reasons set forth herein, I respectfully recommend that Your Honor grant the motion as to liability, but order ARCPE to submit further documentation to properly establish its requested damages.

## STATEMENT OF FACTS

Accepting all well-pleaded factual allegations in the Complaint as true, as required under Rule 55 of the Federal Rules of Civil Procedure, the facts of this case are as follows:

On June 8, 2007, Alexander T. Dator ("Dator") executed a mortgage (the "Mortgage") to GreenPoint Mortgage Funding, Inc. ("GreenPoint") encumbering the Property. (Dkt. No. 1-4 at 29). Dator executed a promissory note (the "Note") to GreenPoint, secured by the Mortgage, in the amount of $96,700 on the same day. (Compl. ¶¶ 13-14). On December 1, 2013, Dator ceased making payments on the Note, (Compl. ¶ 17), and later defaulted. (Compl. ¶ 18; Dkt. No. 34-7 ("Olson Aff.") ¶¶ 10-12). On October 13, 2017, Dator transferred[3] the Property deed to 9Q4U5E.[4]

---

[1] ARCPE also named two other defendants but has since voluntarily dismissed its action against them. First, ARCPE named the original borrower, Dator, as a Defendant in its Complaint (Compl. ¶ 4). On June 15, 2020, ARCPE dismissed this action against Dator individually (Dkt. No. 30) because he is "no longer the owner" of the Property, (Dkt. No. 34-1 ("Regularity Decl.") ¶ 6). Additionally, he appears to have relocated to the Philippines. (Dkt. No. 25). Second, on March 4, 2020, ARCPE joined Edgardo R. Mortel, presumably a former occupant of the Property, as a defendant in this action. (Dkt. No. 21). On May 7, 2020, Mortel was properly served. (Dkt. No. 29). Mortel never filed an Answer. On July 9, 2020, ARCPE voluntarily dismissed its suit against Mortel. (Dkt. No. 32).

[2] ARCPE does not seek default judgment against Bank of America. (Dkt. No. 34-10 ("Pl.'s Mot.") at 1). Bank of America has expressed its consent for a judgment of foreclosure in ARCPE's favor. (Dkt. No. 28-1 at 1–2).

[3] Following the practice of this District, the Court takes judicial notice of Dator's transfer of the deed to 9Q4U5E. *See, e.g. Bild v. Konig*, No. 09-CV-5576, 2011 WL 666259 at *3 n.3 (E.D.N.Y. Feb. 14, 2011).

[4] The terms of the Note and Mortgage apply to all "successors and assigns" of the Property, (Dkt. No. 34-2 at 9, 16), thus implicating 9Q4U5E.

CRFN 2017000390717, N.Y.C. Dep't of Fin. Automated City Reg. Info. Sys., https://a836-acris.nyc.gov/; (*see also* Dkt. No. 34-1 ("Regularity Decl.") ¶ 3) ("The Mortgage instrument followed each transfer of the Note to the Plaintiff").

At some point after the initiation of the Mortgage, the Non-Mortgagor Defendants all acquired possessory interests in the Property. (*See* Compl. ¶¶ 5–6, 8–9; Compl. at 22–24). The ECB, Chase Manhattan, and Discover Bank hold liens on the Property which are "subordinate to Plaintiff's mortgage." (Compl. ¶¶ 5–6, 8–9).

On August 21, 2018, GreenPoint assigned the Mortgage to ARCPE. (Dkt. No. 1-4 at 31–32). On November 13, 2019, ARCPE sought to accelerate payment on the Note and brought this action to foreclose the Mortgage. (Compl. ¶ 1). ARCPE properly served all Defendants with copies of the summons and Complaint pursuant to New York Civil Practice Law and Rules § 306. (Dkt. Nos. 6, 7, 8, 9, 18). As required by New York law, N.Y. Real Prop. Acts. Law § 1331, ARCPE filed a Notice of Pendency with the Queens County Clerk on November 13, 2019.[5] (Dkt. No. 34-3 at 27).

On June 17, 2020, after the Defaulting Defendants all failed to appear or otherwise respond to the Complaint, Plaintiff requested that default be entered against them. (Dkt. No. 31). The Clerk of the Court entered default on July 9, 2020. (Dkt. No. 33). On August 31, 2020, ARCPE filed the present motion for default judgment, requesting that this Court: (1) extinguish any claim to the

---

[5] New York mandates that plaintiffs in foreclosure actions conform with several statutory notice requirements that apply when an action involves a home loan, a mortgagor-occupied property, or a tenant-occupied property. N.Y. Real Prop. Acts. Law §§ 1303-04. For various reasons, none of these requirements apply here. First, ARCPE claims the suit "does not involve a home loan." (Dkt. No. 1-4 ¶ 2). This Court agrees: pursuant to the statute, a "home loan" must be borrowed by a natural person and secured by an owner-occupied property, Real Prop. Acts. § 1304(6), neither of which are the case here. As such, the home loan foreclosure notice provisions do not apply. *Id.* Second, this action is not subject to tenant or mortgagor-occupier notification requirements, *id.* § 1303, because no tenants inhabit the property, (Dkt. No. 34-9 ¶ 4), and because 9Q4U5E is not capable of inhabiting it.

Property by Defaulting Defendants, (Dkt. No. 34-11 ("Prop. J.") at 5); (2) declare ARCPE's mortgage a valid encumbrance on the Property, *nunc pro tunc*, effective February 28, 2019, (*id.* at 5–6); (3) award ARCPE $145,066.59 in damages due on the Note, (*id.* at 3); (4) order the Property's auction at a judicial sale, (*id.* at 2); and (5) appoint a referee to handle the sale proceeds for the satisfaction of ARCPE's damages, (*id.* at 2–3).

On September 2, 2020, Your Honor referred the motion to me for a report and recommendation. (Docket Entry dated 9/2/2020).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure lays out a two-step process to obtain a default judgment. Fed. R. Civ. P. 55; *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 128 (2d Cir. 2011). First, after a defendant has failed to appear or otherwise defend the case, the movant must request from the clerk of the court an entry of default against the nonresponsive party. Fed R. Civ. P. 55(a). Second, after the entry of default is obtained, the movant must make a motion for default judgment. Fed. R. Civ. P. 55(b)(2).[6] Movants are not automatically entitled to default judgment simply because an opposing party is in default. *Div. 1181 Amalgamated Transit Union—N. Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 605 (E.D.N.Y. 2017).

On a motion for default judgment, courts must accept all well-pleaded allegations as true, except those related to damages. *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y.

---

[6] Local Rule 55.2 requires that a party seeking a default judgment must include in its application to the court "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form or default judgment." Loc. Civ. R. 55.2(b). These documents must also be mailed to the "last known business address" of parties against whom a default judgment is sought. *Id.* at 55.2(c). Plaintiff, however, mailed the requisite documents intended for 9Q4U5E to the New York Secretary of State, failing to satisfy this rule. (Dkt. No. 35). This error may be excused because courts have "broad discretion to excuse noncompliance with Local Rules" and thus the disposal of the motion is not required. *See, e.g.*, *Gustavia Home, LLC v. Vaz*, No. 17-CV-5307 (ILG) (RER), 2019 WL 3752772, at *4 (E.D.N.Y. Aug. 8, 2019).

2012) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). This means that upon default, courts are to "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citation omitted). Above all, the "decision to grant a motion for default judgment is left to the sound discretion of the court." *Div. 1181,* 270 F. Supp. 3d at 606.

## DISCUSSION

Plaintiff seeks to (1) foreclose the mortgage encumbering the Property owned by borrower 9Q4U5E; and (2) extinguish any interest in the Property held by purported creditors Chase Manhattan, Discover Bank, and the ECB. (Compl. at 5). The Court will address each set of claims in turn.

## I.  Foreclosure Claim Against Mortgagor Defendant 9Q4U5E LLC

Plaintiff seeks default judgment on its foreclosure claim against 9Q4U5E. (*See* Dkt. No. 34-10 ("Pl.'s Mot.") at 4). Pursuant to New York law, a plaintiff seeking to foreclose a mortgage it did not originate must show evidence of: (1) the mortgage assignment, (2) the mortgage, (3) the note, and (4) the mortgage default. *See Bank of Am., N.A. v. 3301 Atlantic, LLC*, No. 10-CV-5204 (FB) (SMG), 2012 WL 2529196, at *9 (E.D.N.Y. June 29, 2012), *adopted by* 2013 WL 12357754 (Jan. 22, 2013). Collectively, these elements establish a plaintiff's presumptive foreclosure right. *Wilmington Sav. Fund Soc'y, FSB v. Klein*, No. 18-CV-4231 (FB) (RER), 2019 WL 1995472, at *2–3 (E.D.N.Y. Mar. 12, 2019), *adopted by* 2019 WL 1994491 (May 3, 2019); *United States v. Friedus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991).

ARCPE has established a presumptive right to a default judgment of foreclosure against 9Q4U5E. ARCPE has shown the existence of the assignment, (Dkt. No. 34-2 at 28–30), Note, (*id.*

at 1–13), Mortgage, (*id.* at 14–27), and mortgage default (Compl. ¶¶ 17-18). This is sufficient to satisfy the requirements for a mortgage foreclosure action. *See, e.g. Windward Bora LLC v. Valente*, No. 18-CV-4302 (JS) (SIL), 2019 WL 3872853 at *3 (E.D.N.Y. July 16, 2019), *adopted by* 2019 WL 3934640 (Aug. 6, 2019). 9Q4U5E has not made any defense against ARCPE's claim or challenged the existence of any of these elements. (*See* Dkt. No. 33). As such, I respectfully recommend that ARCPE's request for foreclosure and sale of the Property be granted.

## II. Foreclosure Claim Against Non-Mortgagor Defendants ECB, Chase Manhattan, and Discover Bank

ARCPE seeks default judgment against the Non-Mortgagor Defendants because they "claim an interest or lien encumbering the Property, which is either subordinate to [ARCPE]'s Mortgage or . . . adverse to [it]." (Compl. ¶ 9). A plaintiff in a foreclosure action must name as parties all "necessary defendants." N.Y. Real Prop. Acts. Law § 1311. A "necessary defendant" is defined as, among other categories, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." *Id.* § 1311(1). This category can also include holders of subordinate judgments and liens. *Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co., Inc.*, 470 N.Y.S. 2d 642, 647 (2d Dep't 1983) (explaining that holders of subordinate judgments and liens are appropriate necessary defendants). These parties must be named because the foreclosure action will "extinguish" the rights of subordinate interest holders and ensure that the purchaser at the judicial sale is awarded full title of the property. *Id.*[7]

---

[7] Notice to necessary defendants also allows them to participate in the judicial sale and "protect their interests in a possible surplus." *Polish Nat. All.*, 470 N.Y.S. 2d at 647.

a. **Against the ECB**

The Complaint alleges that the ECB[8] is a "holder of a lien" against the Property, (Compl. ¶ 8), by virtue of a violation it issued in 2018, (*id.* at 24). This Court has previously treated an ECB violation as a subordinate interest in a foreclosed property. *See Gustavia Home, LLC v. White*, No. 16-CV-06926 (CBA) (RER), 2017 WL 6403071, at *4 (E.D.N.Y. Apr. 28, 2017), *adopted by* 2017 WL 6403858 (Dec. 14, 2017). In an action against a government creditor like the ECB, a plaintiff is subject to a heightened pleading requirement to establish liability. N.Y. Real Prop. Acts. Law § 202-a. To meet this heightened requirement, the complaint must include "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." *Id.* Accordingly, a plaintiff must substantiate allegations that a government creditor holds a subordinate lien to the property. *Gustavia Home, LLC v. Derby*, No. 16-CV-4260 (ENV) (SMG), 2018 WL 4956719, at *4 (E.D.N.Y. Aug. 31, 2018), *adopted by* 2018 WL 4954110 (Oct. 12, 2018).

ARCPE included in its Complaint a record from a title search service showing an ECB fine against the Property. (Compl. at 24). Evidence of this sort is sufficient to meet the heightened pleading requirement under § 202-a. *See, e.g.*, *CIT Bank, N.A. v. Dambra*, No. 14-CV-3951 (SLT) (VMS), 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015), *adopted by* 2015 WL 7430006 (Nov. 20, 2015). However, an examination of the ECB enforcement database indicates that this fine, issued for a public sanitation violation on February 27, 2018, has been "paid in full."[9] Summons

---

[8] The ECB is an umbrella organization of New York City municipal enforcement agencies that adjudicates summonses for violations of health and safety regulations. *About ECB*, N.Y.C. Office of Admin. Trials and Hearings, https://www1.nyc.gov/site/oath/hearings/about-ecb.page.

[9] The Court takes judicial notice of this fact because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Bild v. Konig*, No. 09-CV-5576, 2011 WL 666259, at *3 n.3 (E.D.N.Y. Feb. 14, 2011) (taking judicial notice of records in a New York City municipal database). Note that the ECB database does not indicate when this violation was paid.

No. 044374077Z, N.Y.C. Office of Admin. Trials and Hearings Online Summons Finder, http://a820-ecbticketfinder.nyc.gov. As such, I respectfully recommend the Court extinguish the ECB's rights in the Property, to the extent that any remain following the payment of the fine.

### b. Against Chase Manhattan and Discover Bank

ARCPE also alleges that Chase Manhattan and Discover Bank hold liens against the Property (Compl. ¶¶ 5-6). For a suit against non-government creditors, more lenient pleading standards apply. *White*, 2017 WL 6403071, at *4 (explaining the different pleading requirements for actions against governmental versus non-governmental defendants). A well-pleaded complaint is sufficient to ascribe liability to non-government defendants even without elaborating on the nature of their interest in the property. *Derby*, 2018 WL 4956719, at *4.

ARCPE has met its pleading requirement against Chase Manhattan and Discover Bank. In its complaint, ARCPE indicates they hold judgments against the Property, (Compl. at 22), and this Court accepts those allegations as true. Neither Chase Manhattan nor Discover Bank have challenged ARCPE's *prima facie* case or shown their interest in the Property is superior to ARCPE's. (*See* Dkt. No. 33). Thus, I respectfully recommend the Court extinguish their interests in the Property.

### DAMAGES

After establishing liability on a motion for default judgment courts must establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings. *See Gunawan*, 897 F. Supp. 2d at 83. But "a court cannot simply rely on a plaintiff's statement to determine damages on a default judgment," *Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-01788 (MKB) (RML), 2016 WL 6599826, at *4 (E.D.N.Y. Nov. 7,

2016), because to do so would "not satisfy the court's obligation to ensure" the requested damages are appropriate. *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

As an initial matter, ARCPE asks that its mortgage be declared a valid encumbrance on the Property *nunc pro tunc*. (Regularity Decl. ¶ 11). Furthermore, ARCPE seeks $145,066.59 in pecuniary damages, including: (1) $96,305.65 in unpaid principal on the Note; (2) $34,403.40 in unpaid interest calculated from November 1, 2013, through August 19, 2020; (3) $12,600.00 for forced placed insurance; (4) $657.54 in late fees; and (5) $1,100.00 in property preservation expenses. (Pl.'s Mot. at 4). ARCPE requests that these damages be paid from the proceeds of the foreclosure and sale of the Property, to be conducted by a court-appointed Referee. (Prop J. at 3).

## I.    Mortgage Validity

ARCPE asks that the Court declare its mortgage valid *nunc pro tunc* from February 28, 2019. (Prop. J. at 5–6; Regularity Decl. ¶ 11). ARCPE alleges that on February 12, 2019, a fraudulent assignment of its mortgage to Bank of America was recorded with the New York City Department of Finance Office of the City Register. (Compl. ¶ 26). Similarly, ARCPE alleges a fraudulent discharge of the mortgage was recorded on February 28, 2019. (*Id.* ¶ 32). ARCPE requests that the discharge of the mortgage be cancelled and expunged from the City Register, with retroactive effect to the date of its recording. (Regularity Decl. ¶¶ 10-11; Compl. ¶¶ 32-35). Bank of America, in a stipulation with ARCPE, indicated its support for ARCPE's motion for default judgment and agreed that the mortgage discharge was erroneously recorded and should be expunged. (Dkt. No. 28-1 at 1–2).

A *nunc pro tunc* order is used to "correct irregularities in the entry of judicial mandates or like procedural errors." *Gletzer v. Harris*, 909 N.E.2d 1224, 1228 (N.Y. Ct. App. 2009) (citation

omitted). This remedy may not be used where "third parties have substantive rights in play that may be altered by record[ing] a fact as of a prior date when it did not then exist." *Id.*

Given ARCPE's evidence of its proper ownership of the mortgage, (Dkt. No. 34-2 at 14–27), and the evident support of Bank of America, (Dkt. No. 28-1 at 1–2), which is the only other affected party, this Court finds that a *nunc pro tunc* order is an appropriate remedy, *see Eastern Sav. Bank, FSB v. Price*, No. 10-CV-4503 (ADS) (WDW), 2012 WL 13113201, at *4 (E.D.N.Y. May 12, 2012), *adopted by* 2012 WL 13113202 (Sept. 19, 2012) (granting an order *nunc pro tunc* to correct an improperly recorded mortgage). I respectfully recommend that ARCPE's mortgage be declared a valid and existing lien and encumbrance on the Property, *nunc pro tunc*, from February 28, 2019, the date of the erroneous discharge, and that the erroneous discharge be expunged from the City Register.

## II.    Judgment of Foreclosure and Sale and Referee Appointment

ARCPE seeks a judgment of foreclosure and sale of the Property, to be conducted by a court-appointed Referee. (Prop. J. at 3). Courts in this District regularly appoint referees to oversee the judicial sale of foreclosed properties. *See, e.g.*, *Freedom Mortg. Corp. v. Elmore-Hernandez*, No. 18-CV-1840 (DRH) (SIL), 2019 WL 2779320, at *7 (E.D.N.Y. May 8, 2019), *adopted by* 2019 WL 2775620 (July 2, 2019). A plaintiff that has established a presumptive foreclosure claim is entitled to a referee appointment. *See CIT Bank, N.A. v. Seeram*, No. 16-CV-2608 (RRM) (LB), 2017 WL 8220204, at *3 (E.D.N.Y. Feb. 15, 2017), *adopted by* 2018 WL 1308003 (Mar. 13, 2018).

Because ARCPE has shown a presumptive foreclosure claim against 9Q4U5E, I respectfully recommend that a judgment of foreclosure be entered and that Your Honor appoint Suzanne Rizos,

Esq. as Referee to conduct the sale.[10] ARCPE requests that the Referee be paid a $500 fee, (Prop. J. at 3), a reasonable sum based on the standards of this District. *See, e.g.*, *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130, at *6 (E.D.N.Y. July 24, 2020) (finding $750 to be a reasonable fee). However, ARCPE has only mentioned the matter of the Referee's fee in its proposed order. (Prop. J. at 2–5). This Court has previously denied the award of future referee fees to Ms. Rizos when a plaintiff's only basis for the fee was the mention of it in the proposed order.[11] *Gustavia Home, LLC v. Krupnikova*, No. 16-CV-2104 (NGG) (RER), 2019 WL 4196035, at *3 (E.D.N.Y. June 11, 2019), *adopted as modified by* 2019 WL 4194273 (Sept. 4, 2019). Accordingly, this Court declines to award the fee, but recommends that ARCPE be given leave to apply for it, upon detailed documentation, after the sale is complete.

## III.    Principal and Interest on the Note

ARCPE claims the unpaid principal on the Note stands at $96,305.65 as of Aug. 31, 2020. (Pl.'s Mot. at 4; Olson Aff. at 5). The claimed principal is accompanied by interest calculated at a rate of 5.25% per year (supported by the Note), which equals $13.85 per day. (Olson Aff. ¶ 12; Dkt. No. 1-4 at 6). ARCPE has assessed the total interest between November 1, 2013, until August 19, 2020, at $34,403.40. (Pl.'s Mot. at 4; Olson Aff. ¶ 12).[12] As such, the total claimed amount due on principal and interest is $130,709.05, plus $13.85 in per diem interest calculated from the date of the motion until the date of judgment. To support these requested amounts, ARCPE submits an

---

[10] ARCPE requested Ms. Rizos as referee. (Prop. J. at 2). This Court has previously appointed her to oversee the judicial sale of foreclosed properties. *See Gustavia Home, LLC v. Krupnikova*, No. 16-CV-2104 (NGG) (RER), 2019 WL 4196035, at *2 (E.D.N.Y. June 11, 2019), *adopted as modified by* 2019 WL 4194273 (Sept. 4, 2019).

[11] Other courts have denied fees in similar situations. *See West Coast 2014-7, LLC v. Hamilton*, No. 17-CV-3918 (ADS) (ARL), 2018 WL 6251353, at *2 n.2 (E.D.N.Y. Nov. 8, 2018), *adopted by* 2018 WL 6251338 (Nov. 29, 2018).

[12] Accepting the principal balance of $96,305.65 as true, the annual interest rate of 5.25% leads to a daily interest payment of $13.85, verifying ARCPE's submitted figure (($93,305.65 X 0.0525) / 365 = $13.85). The Court has also verified ARCPE's calculation of interest at the time of filing this motion. (2,484 days X $13.85 = $34,403.40).

11

affidavit from John Olson, its sole member; a sworn statement by its attorney; and the mortgage instruments. (Olson Aff.; Regularity Decl.; Dkt. No. 34-2).

ARCPE's documents, however, fail to adequately substantiate these requested damages. Courts in this District have denied damages when plaintiffs rely on substantially similar evidence to support motions for default judgements in foreclosure actions. *See Happy Homes, LLC*, 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) ("[S]everal courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan"); *OneWest Bank, N.A. v. Vaval*, No. 14-CV-3437 (CBA) (PK), 2016 WL 3945342, at *3 (E.D.N.Y. July 19, 2016) (finding an affidavit and mortgage instruments inadequate to support requested damages); *CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772 (DLI) (RML), 2018 WL 6161971, at *6 (E.D.N.Y. Aug. 24, 2018), *adopted by* 2018 WL 4804644 (Oct. 3, 2018) (same).

ARCPE has not submitted evidence to support the claimed outstanding principal. While the mortgage instruments confirm that the original loan amount of $96,700.00, (Dkt. No. 34-2 at 1), ARCPE has not presented any loan documentation to corroborate the outstanding $96,305.65 balance. Where a plaintiff "provides no documentation" to support an affidavit's assertion of an unpaid principal, it is appropriate to deny the damages request. *See CIT Bank, N.A. v. Paganos*, No. 14-CV-3987 (CBA) (VMS), 2016 WL 3945343, at *2 (E.D.N.Y. July 19, 2016) (finding an affidavit and original loan agreement inadequate to establish an unpaid principal). Though ARCPE's claimed 5.25% interest rate reflects the terms of the Note, (Dkt. No. 34-2 at 3), the Court cannot rely on ARCPE's interest calculations because the matter of the unpaid principal upon which it is based remains uncertain. *See Vaval*, 2016 WL 3945342, at *3 (declining to award interest on an unverified principal amount).

To properly substantiate its damages, ARCPE must provide further documentation. *See Seeram*, 2017 WL 8220204, at \*4–5 (E.D.N.Y. Feb. 15, 2017) (granting damages once properly supported). Similarly situated plaintiffs in this District have met the evidentiary threshold for damages by providing "specific business records," which have included records of the borrower's payment history, an accrued interest rate schedule, and a spreadsheet of escrow expenses. *See id.* at \*5; *see also Schiffman*, 2018 WL 6161971, at \*6. Accordingly, I respectfully recommend the Court direct ARCPE to submit further documentation substantiating the alleged damages amounts.

## IV.    Other Costs

ARCPE also seeks to recover damages for forced place insurance on the property, property preservation fees, and late fees. (Pl.'s Mot. at 4; Olson Aff. at 6). While ARCPE is entitled to recover these damages based on the terms of the mortgage instruments,[13] and courts in this District commonly enforce similar provisions,[14] ARCPE has failed to submit sufficient documentation to establish them to a reasonable certainty. *See Paganos*, 2016 WL 3945343, at \*2 (declining to award damages for property inspections and other advances when only supported by a promissory note and affidavit); *see also Vaval*, 2016 WL 3945342, at \*3 (declining to award similar damages because plaintiff did not show when costs were incurred). Without any documentation to support the insurance premiums, property preservation fees, and late fees, I likewise cannot recommend

---

[13] The Mortgage requires 9Q4U5E to maintain a property insurance policy. (Dkt. No. 34-2 at 18). In the event of its failure to do so, "Lender may obtain insurance coverage at . . . Borrower's expense." (*Id.*) The Mortgage also allows ARCPE to pass onto 9Q4U5E any property preservation expenses it incurs due to 9Q4U5E's failure to adhere to the mortgage. (*Id.* at 19–20). Under the Note, 9Q4U5E must pay late fees when payments are more than 15 days overdue. (*Id.* at 6).

[14] *See, e.g.*, *First Trade Union Bank v. Formerly 8th Street LLC*, No. 10-CV-5284 (RRM) (RML), 2011 WL 3877077, at \*1 (E.D.N.Y. 2011) (awarding forced place insurance fees); *Gustavia Home, LLC v. Derby*, No. 16-CV-4260 (ENV) (SMG), 2018 WL 4956719, at \*5 (E.D.N.Y. Aug. 31, 2018), *adopted by* 2018 WL 4954110 (Oct. 12, 2018) (awarding late fees*); Nationstar Mortgage LLC v. Garcia*, No. 15-CV-1854 (ADS) (SIL), 2015 WL 13745693, at \*5 (E.D.N.Y. Oct. 19, 2015), *adopted by* 2016 WL 899268 (Mar. 9, 2016) (awarding property preservation expenses).

granting ARCPE's request for damages on these costs at this time, and I respectfully recommend the Court instruct ARCPE to corroborate the requested amounts.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Your Honor grant ARCPE's motion for default judgment against 9Q4U5E, Chase Manhattan, Discover Bank, and the ECB. Furthermore, I respectfully recommend the Court order the referee-supervised foreclosure and sale of the Property, but deny, without prejudice to renew, ARCPE's proposed damages for unpaid principal and interest, forced placement insurance, property preservation expenses, late fees, and a referee's fee, because ARCPE has not adequately substantiated its claims.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and promptly file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Dora L. Irizarry within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)

RESPECTFULLY RECOMMENDED

/s/ Ramon E. Reyes, Jr.
Hon. Ramon E. Reyes, Jr., U.S.M.J

Dated:        August 11, 2021
                 Brooklyn, New York

14