UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-6417 (DLI) (RER)

———————————

ARCPE HOLDING, LLC,

Plaintiff,

VERSUS

9Q4U5E LLC, CHASE MANHATTAN MORTGAGE CORP., DISCOVER BANK, BANK OF AMERICA, N.A., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendants.

———————————

**REPORT & RECOMMENDATION**

April 15, 2022

———————————

**TO THE HONORABLE DORA L. IRIZARRY
SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

On September 7, 2021, Your Honor adopted my Report which recommended that ARCPE Holding, LLC's ("ARCPE" or "Plaintiff") motion for default judgment be granted in part as to liability but denied with respect to damages. (Order dated 9/07/2021; *see also* ECF No. 37 ("R&R")). Based on my Report, Your Honor (1) granted Plaintiff's motion for default judgment of foreclosure and sale of the subject property against 9Q4U5E LLC, Chase Manhattan Mortgage Corp., Discover Bank, and New York City Environmental Control Board (collectively, the "Defaulting Defendants"); (2) appointed Suzanne Rizos, Esq. as referee to supervise and conduct the foreclosure and sale of the subject property; and (3) denied without prejudice Plaintiff's request

1

for damages for unpaid principal and interest, insurance costs, property preservation expenses, late fees, and a referee's fee. (Order dated 9/07/2021).

On October 14, 2021, ARCPE filed a new motion for damages with additional supporting documentation. (ECF No. 40). On October 15, 2021, Your Honor referred the motion to me for a report and recommendation. (Order dated 10/15/2021). After carefully reviewing the record, and for the reasons set forth herein, I respectfully recommend that Your Honor grant Plaintiff's motion and award damages in the amount of $96,305.65 in unpaid principal, $56,616.18 in interest plus $17.48 per diem through the entry of judgment, and $11,280 in insurance costs, and that Your Honor deny Plaintiff's motion to the extent ARCPE seeks late fees and a referee's fee.

## **DISCUSSION**

ARCPE's complaint sought a judgment of foreclosure and sale of a property owned by 9Q4U5E LLC in Flushing, New York. (ECF No. 1 ("Compl.") ¶ 1). Your Honor granted ARCPE's motion for default judgment and ordered the referee-supervised foreclosure and sale of the property, but denied without prejudice ARCPE's request for damages. (Order dated 9/07/2021). On October 14, 2021, ARCPE renewed its motion for damages seeking the claimed unpaid principal of the mortgage and accrued interest, costs for forced placement of insurance, late fees, and a referee fee. (ECF No. 40; *see also* ECF No. 40-1 ("Regularity Decl.") ¶ 8). To support its requested damages, ARCPE submits: (1) a sworn statement by its attorney (Regularity Decl.), (2) copies of the relevant Promissory Note, Mortgage, and Assignments of Mortgage (ECF No. 40-2 (collectively, "Mortgage Instruments")); (3) an affidavit sworn by ARCPE's sole member, John Olson (ECF No. 40-7 ("Olson Aff."));[1] and (4) business records pertaining to the underlying loan,

---

[1] ARCPE's motion to renew damages and associated exhibits spell Mr. Olson's last name as "Olsen" several times. (Regularity Decl. ¶ 8; Olson Aff.). However, the original Report and Recommendation and ARCPE's initial filings

2

which Olson affirmed were created contemporaneously and kept in the ordinary course of business. (ECF No. 40-7 at 6–15 ("Exhibits A–D to Olson Aff.")).[2] The issue now before the Court is whether this supporting documentation adequately substantiates ARCPE's request for damages.

I. <u>Damages</u>

When a plaintiff demonstrates liability in a motion for default judgment, "the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). In doing so, the court may "conduct a hearing or rely on evidence provided by plaintiff." *Sette-Hughes v. Sprauve*, 663 Fed App'x 10, 11 (2d Cir. 2016) (citing *Bricklayers and Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Contr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)). If the court chooses not to hold a hearing, it "may rely upon 'detailed affidavits and documentary evidence'" in addition to its "'personal knowledge of the record'" when ascertaining whether damages are reasonably certain. *See Onewest Bank, N.A. v. Vaval*, No. 14-CV-3437 (CBA) (PK), 2016 WL 3945342, at *2 (E.D.N.Y. July 19, 2016) (quoting *Fustok v. ContiCommodity Serv., Inc.*, 873 F.2d 38, 40 (2d. Cir. 1989)). However, taken alone, a plaintiff's statements are insufficient to substantiate his or her damages claim. *See Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-1788 (MKB) (RML), 2016 WL 6599826, at *4 (E.D.N.Y. Nov. 7, 2016). Without more, such statements "[do] not satisfy

---

exclusively refer to ARCPE's sole member as "John Olson." (ECF No. 34-7 "Olson Aff."; ECF. No. 37 "R&R" at 2). Thus, for purposes of clarity, references to "Olson" should be construed to refer to "Olsen" as well.

[2] Courts in this District have held that an affidavit establishing the affiant's familiarity with both the documents at issue and the "books and records kept and maintained" by a party in the course of business can lay a sufficient foundation to admit those records under the business records exception to the hearsay rule. *See, e.g.*, *CIT Bank N.A. v. Elliot*, No. 15-CV-4395 (JS) (ARL), 2019 WL 4439347, at *1 (E.D.N.Y. Sept. 17, 2019); *see also* Fed. R. Evid. 803(6). Such admissible evidence may serve as documentary evidence in a default judgment for purposes of calculating damages. *See CIT Bank*, 2019 WL 4439347, at *1.

the court's obligation to ensure that the damages [are] appropriate." *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

    A.  <u>Unpaid Principal and Accrued Interest</u>

ARCPE claims Defendants owe an outstanding principal of $96,305.65 on the note. (Olson Aff. ¶ 12; Regularity Decl. ¶ 8). To award damages upon default judgment in foreclosure actions, courts in this District require plaintiffs to produce more than "the initial mortgage and an affidavit stating the outstanding principal on a loan." *Happy Homes*, 2016 WL 6599826, at * 5. For example, an affidavit supported by a payment log of an accrued interest schedule sufficiently demonstrates damages. *See Eastern Sav. Bank, FSB v. Whyte*, No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at * 6–7 (E.D.N.Y. Feb. 24, 2015). Pursuant to a court's order of default judgment, a plaintiff may be awarded damages where it supplements affidavits with relevant business records. *See U.S. Bank Nat'l Ass'n v. McHugh*, No. 18-CV-0710 (JS) (AYS), 2021 WL 2192992 at *5–6 (E.D.N.Y. Jan. 7, 2021) (granting damages for unpaid principal and interest where plaintiff substantiates affidavit with business records created in the regular course of business), *adopted by* (Order dated 01/28/2021).

The Court initially denied ARCPE's damages request with respect to its unpaid principal because it failed to provide sufficient documentation to substantiate its damages. (Order dated 9/07/2021). Now, ARCPE's recent submission proves the outstanding principal to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155. The promissory note secured by the mortgage at issue in this case was submitted as an exhibit to Plaintiff's initial motion for default judgment and demonstrates that the original loan was for $96,700.00. (Mortgage Instruments at 1; *see also* ECF No. 34-2 (Ex. 2 to Mot. for Default J.)). While the promissory note itself corroborates the original loan amount, the Court could not find that, standing alone, the note sufficiently

4

substantiated the purported outstanding and unpaid principal. (R&R at 12). However, contemporaneous business records kept in ARCPE's ordinary course of business, which it submitted in its most recent filing, verify the outstanding balance of $96,305.65. (*See* Olson Aff. ¶¶ 4–8—Ex. A to Olson Aff. ("Loan History") at 7–9 (showing an outstanding principal balance of $96,305.65 beginning April 2010 through July 2021));[3] *see also McHugh*, 2021 WL 2192992, at *5–6. Because Plaintiff has adequately demonstrated that $96,305.65 of the principal remains outstanding, I respectfully recommend that the Court award Plaintiff that amount.

In addition to corroborating the outstanding principal, the recently submitted business records provide previously missing support for Plaintiff's request for unpaid interest. (Olson Aff. ¶ 13; Regularity Decl. ¶ 13). In prior proceedings, this Court indicated it could not rely on ARCPE's interest calculations because the unpaid principal upon which those calculations were based had not been established. (R&R at 12); *see also Vaval*, 2016 WL 3945342 at * 3 (denying damages award for interest where plaintiff failed to establish the amount of unpaid principal). Because the newly filed documentation supports the claimed outstanding principal, the Court has the means to independently verify Plaintiff's interest calculations. *See, e.g.*, *CIT Bank, N.A. v. Seeram,* No. 16- CV-2608 (RRM) (LB), 2017 WL 8220204, at *5 (E.D.N.Y. Feb. 15, 2017) (awarding unpaid principal and interest due upon submission of supporting documentation and after reviewing plaintiff's interest calculations), *adopted by* 2018 WL 1308003 (Mar. 13, 2018).

According to the promissory note, the loan's initial interest rate was set to a 5.25% annual percentage rate for the first month following the funding date. (Olson Aff. ¶ 11; Mortgage Instruments at 3). After the first month, the loan was subject to a variable interest rate equal to the

---

[3] ARCPE's Loan History does not document the amount of principal outstanding between August 2021 to when it filed its motion to renew damages on October 14, 2021. (Loan History at 9). It is reasonable to assume that the unpaid principal did not change during that time, as the unpaid principal has not changed since April 26, 2010. (*Id.* at 8).

Wall Street Journal prime rate (the "Index rate"), "plus a 'Margin' of three and one-eighth percentage points (3.125%), rounded to the nearest one-eighth of one percentage point." (Mortgage Instruments at 3). This rate could change once each Billing Cycle,[4] "on the first of every month during the term" of the loan and would reflect "the last publication date of the Index preceding the start of the Billing Cycle." (*Id.* at 4).

In its initial motion for default judgment, ARCPE laid out its interest formula and calculated past due interest at a fixed annual interest rate of 5.25%. (ECF No. 34-7 ("Initial Olson Aff.") ¶ 12). As explained above, however, a variable rate applies to this loan. (Mortgage Instruments at 3). The interest schedule ARCPE includes in its motion to renew damages does apply a variable rate, albeit incorrectly. (ECF No. 40-7, Ex. B to Olson Aff. at 11). The interest rates listed in ARCPE's interest schedule reflect the sum of the applicable index rate and the 3.125% margin as defined by the loan. (*Id.*). As calculated in the interest schedule, ARCPE changed the applicable interest rate on the same day that the index rate change was published. (*Id.*).[5] This calculation runs contrary to the terms of the promissory note, which indicates that the interest rate may change only once per Billing Cycle on the first day of the month. (Mortgage Instruments at 4). Indeed, modifying the interest rate on the day of the publication change results in a mid-month interest rate change in March 2020, lasting only twelve days. (*Id.*).

---

[4] The Billing Cycle under the note is monthly. (Mortgage Instruments at 1).

[5] The Court takes judicial notice that the published Wall Street Journal Prime Rate changed on the dates corresponding with the "Int. Due End Date" column of Plaintiff's interest schedule. *See Prime Rate 2000-2009*, HSH, https://www.hsh.com/indices/prime00s.html (last visited Apr. 14, 2022); *Prime Rate – current values and history covering 2010-present*, HSS, https://www.hsh.com/indices/prime-rate.html (list visited Apr. 14, 2022).

Plaintiff does not supply a specific formula,[6] but using the aforementioned interest schedule concludes that it is owed $53,641.92 in interest through 10/6/2021. (*Id.*). Assuming that a rate change would apply beginning the first day of the month following the publication of the index rate, (*i.e.*, a rate change published on 12/17/2015 would take effect on 1/1/2016, etc.), the Court calculates past due interest through 10/6/2021 to instead be $53,427.87. Using the same methodology, and taking into account a recent change to the index rate on March 17, 2022, the Court further calculates past due interest from 10/7/2021 through the present to be $3,188.31, for a total amount of $56,616.18 in interest due to date. Finally, the Court calculates a per diem interest rate of 0.018%, amounting to $17.48 per day. Accordingly, I respectfully recommend that the Court award Plaintiff $56,616.18, plus an additional amount of $17.48 per diem through the date of the entry of judgment.

B. Forced Place Insurance Costs

ARCPE seeks $11,280.00 for the costs it incurred in furnishing hazard insurance. (Olson Aff. ¶ 14; Regularity Decl. ¶ 8). The terms of the mortgage assigned to ARCPE state that "if [the] Borrower fails to maintain property insurance," the lender is entitled to "obtain [property] insurance coverage at Lender's option and Borrower's expense," and "[a]ny amounts disbursed by Lender" pursuant to that provision "shall become additional debt of Borrower secured by" the mortgage. (Mortgage Instruments at 18–19). Courts in this District have awarded costs for forced placement of hazard insurance in foreclosure actions. *See First Trade Union Bank v. Formerly 8th Street LLC*, No. 10-CV-5284 (RRM) (RML), 2011 WL 3877097, at *3 (E.D.N.Y. Aug. 5, 2011), *adopted by* 2011 WL 3877077 at * 1 (Aug. 31, 2011) (awarding damages for advances for payment

---

[6] The Court assumes that Plaintiff's formula operates as follows: (Past Due Int. = ((Principal Balance X (Int. Rate X 0.01)/365) X ((Int. Due End Date – Int. Due Begin Date)+1)).

7

of insurance); *Firststorm Partners 2, LLC v. Vassel*, No. 10-CV-2356 (KAM) (RER), 2012 WL 3536979, at *2 (E.D.N.Y. Aug. 15, 2012) (awarding damages for advances for payment of insurance after summary judgment).

ARCPE has sufficiently demonstrated it is entitled to costs related to the purchase of hazard insurance on the property. As described above, the terms of the mortgage permit the lender to obtain property insurance at the borrower's expense. (Mortgage Instruments at 18–19). Along with its motion, ARCPE provided a schedule detailing monthly escrow advances from April 2017 through August 2021 amounting to $11,280. (Ex. C of Olson Aff. at 13). According to Olson, these escrow advances correspond with costs incurred to obtain hazard insurance. (Olson Aff. at ¶ 14). Other courts in this District have awarded such costs where such costs were corroborated by witness testimony regarding relevant business records. *See Formerly 8th Street LLC*, 2011 WL 3877097, at *3 (awarding hazard insurance costs after plaintiff's representative testified at damages inquest to corroborate details of business records that reflected such costs); *Vassel*, 2012 WL 3536979, at *2 (awarding hazard insurance costs based on affidavit and business record describing the date of insurance payments, amount of insurance payments, and the coverage period). Although the "escrow advances" schedule does not specifically indicate that the disbursements were made in order to insure the property, Olson's sworn affidavit sufficiently explains the purpose of these disbursements such that an award of insurance costs is warranted. (Olson Aff. ¶ 14; Ex. C of Olson Aff. at 13). Accordingly, I respectfully recommend that Plaintiff's motion for damages be granted with respect to the insurance costs.

  C. Late Fees

ARCPE seeks $657.54 in late fees. (Olson Aff. ¶ 14; Regularity Decl. ¶ 8). Like forced insurance costs, the promissory note entitles ARCPE to late fees. (Mortgage Instruments at 6 ("If

8

your payment is more than 15 days late, a late charge of 2.000% of the overdue payment of principal and interest will be assessed[.]")). Courts in this District have awarded late fees to plaintiffs in foreclosure actions. *See, e.g.*, *Eastern Sav. Bank, FSB v. Strez*, No. 11-CV-1543 (ENV) (LB), 2013 WL 6834806, at * 4 (E.D.N.Y. Dec. 20, 2013) (awarding late fees); *Whyte*, 2015 WL 790036, at *10 (E.D.N.Y. Feb. 24, 2015) (same).

Although ARCPE claims it is owed $657.54 in late fees., the late fee schedule it provides fails to adequately demonstrate that sum. (Ex. D to Olson Aff. at 15). ARCPE's submissions indicate that Defendants accrued $9.01 in monthly late fees, each month, from November 2013 to November 2019. (Ex. D of Olson Aff. at 15). This totals to $657.54 and matches ARCPE's requested late fees award. (*Id.*; *see also* Olson Aff. ¶ 14). However, ARCPE furnishes no evidence that explains the basis for that $9.01 monthly charge.

While the loan states ARCPE must be paid "the Minimum Payment indicated on the periodic statement by the date indicated on the statement" and that failure to make timely payment will result in the assessment of "a late charge of 2.000% of the overdue payment of principal and interest" (Mortgage Instruments at 4, 6), ARCPE does not supply any periodic statements such that the Court is able to independently calculate the proper late charge for each periodic payment. (*Id.* at 6). Without evidence illustrating the basis for ARCPE's asserted $9.01 monthly late fee, such as periodic statements indicating the applicable principal and interest to which the two percent fee was applied, ARCPE has failed to demonstrate that it is owed $657.54 in late fees to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155. This is particularly the case where ARCPE's proffered "loan history" records conflict with its proffered late payment records, which display different "date[s] due," different "days late" amounts, different "amount[s] to previous bill" and different "amount[s] to current bill" for the relevant period. (*See* Loan History

9

at 8–9; Ex. D to Olson Aff. at 15). It is also worth noting that, based on the language of the promissory note and the Court's previously discussed interest calculations, a contemporaneous late fees accounting would not yield a static late fee from month-to-month. Thus, I respectfully recommend the Court deny, without prejudice, ARCPE's motion to renew damages as to late fees.

D. Referee's Fees

ARCPE also seeks $500 to pay Referee Suzanne Rizos, Esq. "as compensation for conducting the foreclosure sale[.]" (ECF. 40-1 ¶ 13). ARCPE still must demonstrate this to "a reasonable certainty," *Gunawan*, 897 F. Supp. 2d at 83 (citing *Credit Lyonnaise Sec. (USA), Inc*, 183 F.3d at 155) and the Court cannot rely on its statements alone, *see Happy Homes, LLC*, 2016 WL 6599826, at *4. In previously declining to award ARCPE's request for referee fees, Your Honor determined ARCPE's referee fee was reasonable. (R&R at 11).[7] However, the Report and Recommendation Your Honor adopted also made clear that ARCPE would only be awarded referee fees if it provided "detailed documentation." (R&R at 11).

ARCPE failed to provide such documentation. Even where a referee fee is reasonable, a plaintiff must provide documentary evidence to be awarded such a fee. *Gustavia Home, LLC v. Krupnikova*, No. 16-CV-2104 (NGG) (RER), 2019 WL 4196035, *3 (E.D.N.Y. June 11, 2019), *adopted as modified sub nom. by Gustavia Home LLC v. Bd. of Mgrs. of Oceana Condominium No. Two*, 2019 WL 4194273 (Sept. 4, 2019) (denying a reasonable $500 referee fee because "a mere reference in a proposed order is inadequate to support the award of future referee's fees and ancillary costs"). Evidence that the foreclosure sale occurred would be sufficient. *See Gustavia Home, LLC*, 2019 WL 4194273, at *2 (determining that plaintiff could reapply "to have the

---

[7] Courts in this District have held that referee fees of up to $750 are reasonable. *See, e.g.*, *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130, at *6 (E.D.N.Y. July 24, 2020).

10

referee's fees and other ancillary costs applied against the sale proceeds" following the sale of the property). Thus, I respectfully recommend Your Honor deny Plaintiff's motion as to the referee fee.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Your Honor grant Plaintiff's motion and award damages in the amount of $96,305.65 in unpaid principal, $56,616.18 in interest plus $17.48 per diem through the entry of judgment, and $11,280 in insurance costs, and that Your Honor deny Plaintiff's motion to the extent ARCPE seeks late fees and a referee's fee.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Dora L. Irizarry within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY SUBMITTED

_____
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: April 15, 2022
      Brooklyn, NY